UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:

SUSAN MARIA RABORN                                    CASE NO. 15-10938

    DEBTOR                                        CHAPTER 7

### MEMORANDUM OPINION ON ORDER STRIKING DOCUMENTS

The court held a hearing on August 31, 2016 on debtor Susan M. Raborn's Motion to Recuse Judge Douglas D. Dodd [P-605].  Ms. Raborn argued her motion but during the hearing declined to offer support beyond argument for her request for recusal.  At the end of the hearing, the court denied the motion to recuse for reasons it rendered orally.

Before the clerk entered the order denying the motion[1] but after the court's August 31, 2016 ruling, the debtor filed an amended Motion to Recuse and an exhibit to that motion.[2] Neither includes information that could not have been included in the debtor's original motion to recuse or presented to the court at the August 31, 2016 hearing, or an explanation for tardily seeking to add information to the case record.

A party may not file an amended motion seeking the same relief once a court has ruled on its request.  *In re Catron*, 198 B.R. 908, 909 (Bankr. M.D.N.C. 1996).  Ms. Raborn's amended motion comes too late as a matter of law.

Nor can Ms. Raborn supplement the docket by including in an amended motion matters that were not presented to the court before its oral ruling at the August 31, 2016 hearing.  Matters not presented to the trial court cannot be added to the record after the court has ruled; their addition to the electronic case file is inappropriate.  *Zer–Ilan v. Frankford (In re CPDC, Inc.)*,

---

[1]  September 1, 2016 order denying motion to recuse [P-617, entered September 2, 2016].

[2]  The debtor filed both the amended motion [P-611] and exhibit [P-613] on September 1, 2016.

337 F.3d 436, 443 (5th Cir. 2003); *In re Digerati Technologies, Inc.*, 531 B.R. 654, 661 (Bankr. S.D. Tex. 2015) (striking from appellate record pleadings that bankruptcy court did not consider in making its ruling); *In re Adkins*, 2014 WL 5801679 (Bankr. N.D. Tex. Nov. 7, 2014) (striking from record on appeal items created after the bankruptcy court had ruled.)[3] *Compare In re Heitmeier*, 2014 WL 1513886 (E.D. La. April 16, 2014) (Feldman J.) (Items in a bankruptcy case record may be considered on appeal when made available for the bankruptcy court *before* it made its decision).

The court did not consider the debtor's Amended Motion to Recuse and exhibit in denying the debtor's original recusal motion on August 31, 2016.  For these reasons the court will strike the debtor's amended Motion to Recuse [P-611] and the exhibit to that motion [P-613] from the electronic record of the case.

Baton Rouge, Louisiana, September 2, 2016.

**s/ Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE

---

[3]  Citing *In re SI Restructuring, Inc.*, 480 F. App'x 327, 329 (5th Cir. 2012); *NWL Holdings, Inc. v. Eden Ctr., Inc. (In re Ames Dep't Stores, Inc.)*, 320 B.R. 518, 521 (Bankr. S.D.N.Y. 2005).  "By implication, items that were created after the court made its disposition cannot be part of the appellate record." *Adkins, id., citing Zer–Ilan*, 337 F.3d at 443 (internal citation omitted.)