UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:

**SUSAN MARIA RABORN**                                             **CASE NO. 15-10938**

DEBTOR                                                                               CHAPTER 11

### REASONS FOR ORDER DENYING STAY PENDING APPEAL

Debtor Susan Raborn moves *ex parte*[1] for a stay pending her appeal of the April 20, 2017 order and April 24, 2017 amended order approving the chapter 7 trustee's settlement of claims.[2] The court denies the Ex Parte Motion for Stay Pending Appeal of Unconstitutional Order to Grant and Execute Document for Settlement.

### Analysis

*Nothing in the Debtor's Motion Supports Granting a Stay* Ex Parte

The debtor, a lawyer representing herself, frequently seeks relief ex parte, or on an expedited or emergency basis.[3] Continuing this habit, the debtor did not notice her motion for stay pending appeal for a hearing or request an expedited hearing on it.

The debtor cites no legal authority for imposing a stay *ex parte* nor do any facts in the motion suggest that *ex parte* relief is appropriate. On that basis alone the motion fails.

---

[1] *E.g., Ex Parte* Motion for Stay Pending Appeal of Unconstitutional Order to Grant and Execute Document for Settlement (P-772); *Ex Parte* Motion and Combined Memorandum to Stay All Proceedings and Adversary Proceedings (P-749); and *Ex Parte* Motion Objecting to Hearing Scheduled for March 10, 2017 in Violation of Debtor's Constitutional Substantive and Procedural Due Process Rights (P-713).

[2] The court's April 20, 2017 Memorandum Opinion (p-751) explained the basis for the ruling. These Reasons for Order assume familiarity with that opinion and so will not reiterate the history of the debtor's bankruptcy.

[3] *See e.g.* the debtor's Ex Parte Motion and Combined Memorandum to Stay All Proceedings and Adversary Proceedings (P-749); Ex Parte Motion to Reconsider Wording of "Order Reinstating Limited Stay By Consent" (P-550); Ex Parte Motion for Order to Allow Visits with Elderly Dying Father or Allow Stay Lifted in Part to Request Same in State Court (P-268); Ex Parte Motion to Strike the Motion for Protective Order filed by Charles Raborn and Reply to Debtor's Response in Opposition to the Motion for Protective Order (P-174); Ex Parte Motion Requesting Exclusive Period For Filing the Debtor's Small Business Chapter 11 Plan (P-168).

*Standard for Stay Pending Appeal*

A stay pending appeal under Federal Rule of Bankruptcy Procedure 8007 is an "extraordinary remedy," not a matter of right. *Belcher v. Birmingham Trust National Bank*, 395 F.2d 685, 686 (5th Cir. 1968). It is relief left to the court's discretion. *In re First South Savings Ass'n*, 820 F.2d 700, 709 (5th Cir. 1987).

Susan Raborn as the mover has the burden of proving all the elements supporting entitlement to a stay. *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982). Thus she must establish that:

(1) She is likely to succeed on the merits;

(2) She will be irreparably harmed absent a stay;

(3) Granting a stay will not cause substantial harm to other parties; and

(4) Granting the stay serves a public interest.

*Hunt v. Bankers Trust Co.*, 799 F.2d 1060, 1067 (5th Cir. 1986*); see also In re Babcock & Wilcox, Inc.*, 2000 WL 533492 at *2 (E.D. La. May 3, 2000).

*Application of the Elements for a Stay to the Facts*

(1) <u>The Debtor Has Made No Showing of Likelihood of Success on the Merits</u>

Raborn's latest farrago offers nothing to support her claim that she will succeed on the merits in her appeal though the motion assumes a successful appeal of the orders approving the settlement.

The court approved the trustee's settlement for written reasons given after a day-long evidentiary hearing on March 10, 2017. The debtor participated in that hearing pursuant to her objection—the sole objection to the settlement.

Federal Rule of Bankruptcy Procedure 9019 allows bankruptcy courts to approve compromises of claims involving the bankruptcy estate after notice and an opportunity for a hearing. Settlements in bankruptcy cases case are common: they spare bankruptcy estates from

2

squandering assets that may be used to pay claims of creditors, often bringing assets into the estates; and also protect the estates from the risk of adverse consequences of litigating claims. Approval of a given compromise is committed to the discretion of the bankruptcy court. *Mandas v Bishop (In re Sassalos)*, 160 B.R. 646, 653 (D. Oregon 1993). As the *Sassalos* district court wrote in affirming the bankruptcy court's approval of a compromise, "Pursuant to Bankruptcy Rule 9019(a), compromises are favored in bankruptcy, and the decision of the bankruptcy judge to approve or disapprove the compromise of the parties rests in the sound discretion of the bankruptcy judge. Such a decision is reviewable, but will normally not be set aside except where there is an abuse of discretion." *Id.* at 653, citing 9 COLLIER ON BANKRUPTCY ¶9019.03 (15th ed.); *See also Matter of Cajun Elec. Power Co-op., Inc.,* 119 F.3d 349, 355 (5th Cir. 1997) ("We review the district court's decision to approve the settlement for an abuse of discretion."); *In re Realty Mortg. Corp.*, 2009 Bankr. LEXIS 5334, *3 (Bankr. S.D. Miss. May 7, 2009) ("A basic policy in bankruptcy cases is that compromise is favored.")

      The debtor's *ex parte* motion misconstrues some aspects of the settlement. For example, she insists that the settlement bars future claims: it does not do so. As explained in the court's April 20 Memorandum Opinion, the settlement agreement recites that the estate is releasing only claims that existed as of the petition date. The trustee also testified on cross-examination at the March 10 hearing that he cannot compromise claims that did not exist as of the petition date. P-751, p. 14. The debtor's motion also urges a stay to consider her entitlement to dividends she claims are exempt, though that issue was reserved at the evidentiary hearing and so one that was not adjudicated as part of the compromise approval. P-751, Fn.6. Finally, she urges relief based in part on provisions of the articles of incorporation of a family-owned closely-held business that were not put into evidence. *Id.*, p. 12. Having neglected to offer evidence to support those claims

3

at the hearing, she cannot now seek to amend the evidentiary record by way of motion practice.[4] Her other challenges to the ruling comprise argument alone: no credible evidence admitted at the hearing supports any of them.

Nor do *Stern v. Marshall*, 564 U.S. 462 (2011) or the *Rooker Feldman* doctrine[5] bar approval of the compromise.

First, bankruptcy courts routinely approve compromises of debtor's state court lawsuits for personal injury (*In re Del Grosso*, 106 B.R. 165 (Bankr. N.D. Ill. 1989)); sexual harassment (*In re Degenaars*, 261 B.R. 316 (M.D. Fla. 2001)); contract disputes (*In re SCBA Liquidation, Inc.*, 451 B.R. 747 (Bankr. W.D. Mich. 2011)); environmental claims (*ASARCO LLC v. Union Pacific R. Co.*, 755 F.3d 1183 (10th Cir. 2014)); and debtor's claims against departing member for usurpation of corporate opportunities (*Beacon Investments LLC v. MainePCS, LLC*, 468 B.R. 1 (D. Me. 2012). Their status as Article I courts does not deprive them of jurisdiction to evaluate and where appropriate approve compromises of those claims. *See e.g., Ashton Revocable Living Trust v. Mukamal (In re Palm Beach Finance Partners, L.P.)*, 527 B.R. 518 (S. D. Fla. 2015). The *Palm Beach* district court affirmed a bankruptcy court's order approving a compromise, holding that the non-Article-III bankruptcy court had jurisdiction to approve the settlement of fraudulent transfer claims because the enforcement of a settlement agreement arising from litigation is not an adjudication on the merits of the settled dispute. *Id.* at 523, citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). *Accord*, *In re Land Resource, LLC*, , 505 B.R. 571 (M. D. Fla. 2014) (affirming bankruptcy court settlement approval on the same basis); *In re Washington Mut., Inc.*, 461 B.R. 200 (Bankr. D.

---

[4] Nor is this the debtor's first attempt to do so. The court previously struck her post-hearing brief for exactly the same reason. P-739.

[5] The basic theory of the doctrine, derived from *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed.2d 362 (1923), is that only the United States Supreme Court has been given jurisdiction to review a state-court decision. 18B CHARLES ALAN WRIGHT, ET AL, FEDERAL PRACTICE AND PROCEDURE §4469.1 (2d ed. 2017).

Del. 2011) ("As an initial matter, a court does not have to have jurisdiction over the underlying claims in order to approve a compromise of them."), *vacated in part* No. 08-12229, 2012 WL 1563880 (Bankr. D. Del., Feb. 24, 2012).

Nor does the *Rooker Feldman* doctrine prevent bankruptcy courts from presiding over hearings to consider compromises of claims in state courts.  *In re Hassan*, 527 B.R. 97, (Bankr. E.D.N.Y. 2015).  The *Hassan* court bears a lengthy quote:

> The Court had jurisdiction to approve a settlement between the Trustee and [litigant] of the estate's potential claims. …. *See In re Swift*, 519 B.R. 39, 43 (Bankr.E.D.N.Y.2014) (bankruptcy courts have "related to" subject matter jurisdiction over matters "'if the outcome of the litigation might have any conceivable effect on the bankruptcy estate, or has any significant connection with the bankrupt estate.'") (quoting *In re Allou Distributors Inc.*, 2012 WL 6012149, at *6 (Bankr. E.D.N.Y. Dec. 3, 2012)); *Baker v. Simpson*, 613 F.3d 346, 350–51 (2d Cir.2010) (bankruptcy courts have "arising in" subject matter jurisdiction over matters "that 'are not based on any right expressly created by Title 11, but nevertheless, would have no existence outside of the bankruptcy.'") (quoting *In re Wood*, 825 F.2d 90, 97 (5th Cir.1987)); 28 U.S.C. §157(b)(2)(A) ("Core proceedings include, but are not limited to ... matters concerning the administration of the estate").  The *Rooker–Feldman* doctrine does not bar the [bankruptcy court] from making a determination that a settlement should be approved pursuant to Rule 9019 because, among other things, the *Rooker–Feldman* doctrine and res judicata would bar the estate's claims against [the settling litigant]. Such a rule—that *Rooker–Feldman* bars federal courts from considering the applicability of *Rooker–Feldman* or res judicata in the context of approving a settlement— would be totally illogical.  The Debtor's contention that Rooker–Feldman prevented the Court from approving the Trustee's settlement … is therefore rejected.

Several reported opinions address the points Ms. Raborn raised but her *ex parte* motion cites none of these authorities.  Instead she crafts out of whole cloth sweeping claims of

5

Constitutional violations and judicial overreaching. *See Ex Parte* Motion, p. 7, paragraph 18.[6] Ms. Raborn chose not to research, let alone understand, the power of bankruptcy courts to approve compromises of claims that they themselves cannot adjudicate. Her argument is frivolous.

(2) <u>The Debtor Has Not Shown Irreparable Harm to Herself and Other Parties</u>

The debtor's motion at pages 3-4, paragraph 6, maintains that the debtor – indeed, not only the debtor but also the bankruptcy estate, her creditors, and all citizens of Louisiana and of the United States of America – will suffer irreparable harm absent a stay pending appeal. Conspicuously absent is any fact supporting the specter of irreparable harm conjured by Ms. Raborn.

The debtor's motion and related Amended Motion for Reconsideration and Combined Memorandum[7] invite conjecture that the debtor's claim of irreparable harm is associated with the debtor's claim to dividends from the estate's interest in a closely held corporation. If that supposition is correct, the debtor's argument is unfounded. The trustee agreed to defer that issue so the court did not address it. *See* April 20, 2017 memorandum opinion P-751, Fn.6. The debtor will have an opportunity to address her claim to the dividends and so does not face irreparable harm.

(3) <u>Other Parties Would Suffer Substantial Harm if a Stay is Granted</u>

The debtor has offered no evidence that other parties would not suffer substantial harm if a stay pending appeal is granted. The parties have been litigating for years at significant expense of both time and resources. The trustee has stated that the proceeds from this settlement are the only significant asset available to pay claims and costs of administering the case. April 20, 2017

---

[6] The Louisiana Rules of Professional Conduct impose on Ms. Raborn as a member of the Louisiana State Bar, even when acting *pro se*, a duty of asserting only meritorious claims and contentions (Rule 3.1) as well as a duty of candor to the tribunal. Rule 3.3. The debtor failed to cite any authority for most the positions she took in the *ex parte* motion.

[7] Amended Motion for Reconsideration and Combined Memorandum, P-768.

memorandum opinion P-751, p. 7. Delaying implementation of the settlement while the debtor pursues an appeal she has not shown she is likely to win harms not only the estate creditors who are still waiting to be paid, but also harms the already illiquid estate since further time and expense must be spent on the appeal.

        (4) <u>Granting a Stay will not Serve the Public Interest</u>

"In a bankruptcy case, the public interest is in promoting a successful reorganization." *Bergemann, Inc. v. Babcock & Wilcox, et al. (In re Babcock & Wilcox)*, No. Civ.A.00-1410, 2000 WL 1092434, at *3 (E.D. La. Aug. 2, 2000). The debtor has identified no legitimate public interest served by staying the court's order approving the compromise. In fact, staying the order would serve only one interest: that of the debtor in attempting to further protract the bankruptcy to the detriment of her creditors.

## Conclusion

  The debtor has not demonstrated a basis for a stay pending appeal of the court's April 20 and April 24 orders approving the trustee's compromise of claims. By separate order, Susan Raborn's motion for stay pending appeal will be denied.

  Baton Rouge, Louisiana, May 9, 2017.

             <u>**s/Douglas D. Dodd**</u>
             DOUGLAS D. DODD
          UNITED STATES BANKRUPTCY JUDGE