UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:

SUSAN MARIA RABORN  CASE NO. 15-10938
DEBTOR  CHAPTER 7

REASONS FOR ORDER DENYING
DEBTOR'S MOTION TO RECONSIDER ORDER ON FINAL ACCOUNTING

*Pro se* debtor Susan M. Raborn, a lawyer, has moved to reconsider [P-942] the court's May 31, 2018 Order Approving Trustee's Final Report of Administration of Estate, Report of Receipts and Disbursements, Application for Compensation and Reimbursement of Expenses, and Proposed Distribution [P-940].[1]

**The Debtor's Motion Does not Support Her Demand for a New Trial**

Although the debtor has noticed the motion for hearing on July 16, 2018, no hearing is required or necessary.[2] The motion alleges no facts supporting her claim for relief under either Bankruptcy Rules 9023 or 9024 but merely re-urges the debtor's opposition to the trustee's motion and repeats her argument from the May 30, 2018 hearing.

Ms. Raborn challenged the trustee's Final Report [P-928] and participated in the lengthy May 30, 2018 hearing on the matter. At that hearing, in addition to denying relief for debtor's lack of standing, the court overruled her objections on the merits. The motion to reconsider does not suggest that the debtor possesses newly discovered evidence that could not have been

---

[1] Fed. R. Bankr. P. 9023 makes Fed. R. Civ. P. 59 applicable in contested matters. So too with Fed. R. Civ. P. 60, which is applicable here through Fed. R. Bankr. P. 9024. The debtor's motion did not cite the basis for relief so to eliminate doubt the court treats the motion as one seeking relief under both rules. *See Szybist v. Summers (In re Summers)*, 150 B.R. 129, 131-133 (Bankr. M.D. Pa. 1993).

[2] Rules 59 or 60 do not require notice and a hearing on a motion for new trial or a motion from relief from judgment *unless* the court is granting relief *sua sponte* on issues that were not raised in the motion. Fed. R. Civ. P. 59(d). *See In re Dye*, 2007 WL 7143404 (Bankr. N.D. Ga. 2007) (determining under 11 U.S.C. §102 that no hearing was required on debtor's "motion for reconsideration.")

brought to court before the May 30 hearing or allege any other basis for revisiting the ruling. It merely rehashes her arguments of May 30.

A motion for new trial or relief from judgment is inappropriate to revisit matters after trial except in limited circumstances, none of which Ms. Raborn has alleged.[3] A request to revisit a court's ruling [under Rule 59(e)] can only be sought in order to "correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in the law." *Encanto Restaurants, Inc. v. Vidal (In re: Cousins International Food Corp.)*, 553 B.R. 197, 201 (Bankr. D.P.R. 2016) (internal citation omitted), *aff'd in part*, 565 B.R. 450 (B.A.P. 1st Cir. 2017). It "may not be used by the losing party to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." *Id. See also In re Camp Arrowhead, Ltd.*, 451 B.R. 678, 688-9 (Bankr. W.D. Tex. 2011) (new trial motion doesn't allow "second bite at the apple" and so cannot be used to advance new arguments or theories that could have been but were not raised before judgment), citing *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995); *In re Bruetman*, 259 B.R. 672, 673-3 (Bankr. N.D. Ill. 2001) (denying *pro se* debtor's Rule 59 motion that rehashed arguments on motion for summary judgment), *Kondik v. Ebner (In re Standard Foundry Products, Inc.)*, 208 B.R. 164, 166 (Bankr. N.D. Ill. 1997) (function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory); *Yorke v. Citibank, N.A. (In re BNT Terminals, Inc.)*, 125 B.R. 963, 977 (Bankr. N.D. Ill.1990) (purpose of such a motion "is not to give the moving party another 'bite of the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment"); *Matter of No–Am Corporation*, 223 B.R. 512 (Bankr. W.D. Mich. 1998) (denying Rule 9023 motion where

---

[3] Raborn's motion is titled Motion to Reconsider but the correct procedural vehicle is a motion for new trial under Bankruptcy Rule 9023 or for relief from judgment or order under Bankruptcy Rule 9024. *See generally, Szybist v. Summers (In re Summers)*, 150 B.R. 129, 131-133 (Bankr M. D. Pa. 1993).

debtor's new argument was based on law and facts available to him at earlier hearing (internal citations omitted)).

### The Debtor's Complaints about the Hearing on the Trustee's Motion are Baseless

The debtor complains that the court moved argument on the trustee's motion to the end of the court's May 30, 2018 hearing docket.[4] Ms. Raborn's motion implies that nefarious motives lay beneath the scheduling; but experience supported the adjustment of the courtroom schedule to spare inconvenience to other lawyers and parties.

The afternoon of May 30, 2018, when the court took up matters in chapter 7 and 11 cases, hearings lasted an average of 2.22 minutes per case, apart from the hearing on the trustee's motion and Ms. Raborn's objection.[5] In contrast, the hearing on the trustee's motion and Ms. Raborn's objection lasted one hour, twenty seven minutes and thirty-six seconds, longer than every other matter the court heard that afternoon.

Courts have long been held to possess the inherent power to control their own dockets. "It is clear that a district court does, and indeed must, have the power to control and direct the cases on its docket." *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981) citing *Brown v. O'Leary*, 512 F.2d 485, 486 (5th Cir. 1975) and *Pond v. Braniff Airways, Inc.*, 453 F.2d 347, 349 (5th Cir. 1972). Taking up the trustee's motion last on the docket May 30 plainly was within the court's discretion.

### CONCLUSION

Ms. Raborn's motion is frivolous and merely delays payment of her creditors' claims. Accordingly, the Motion to Reconsider Order on Final Accounting is denied for failure to state a

---

[4] Motion for Rehearing [P-942], p. 2.

[5] The court spent a total of 40 minutes and 2 seconds hearing matters in eighteen cases other than the Raborn matter that day.

basis for relief.

    Baton Rouge, Louisiana, June 22, 2018.

**s/ Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE